IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **David E Mack** § | | |
| *Plaintiff,* § | Case No. 4:13cv544 | |
| § | | |
| vs § | | |
| § | | |
| **PROGRESSIVE FINANCIAL** § | Judge Clark | |
| **SERVICES, INC.** § | | |
| **CHRISTOPHER HALE** § | | |
| *Defendants.* § | TRIAL BY JURY DEMANDED | |
| § | | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action for damages brought by an individual plaintiff for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA), the Texas Debt Collection Practices Act, Chapter 392 (TDCPA) and the Texas Business and Commerce Code, Subchapter E. Chapter 17, (DTPA) which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, TDCPA, and DTPA.

### JURISDICTION

3. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331.

## PARTIES

4. The Plaintiff in this lawsuit is David E Mack ("Plaintiff"), a natural person, who resides in Collin County, Texas.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), the Texas Business and Commerce Code section § 17.50(a)(1), the Texas Finance Code § 392.001(1).

6. Defendant PROGRESSIVE FINANCIAL SERVICES, INC. (PFS) is a debt collection company who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

7. PFS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

8. Defendant Christopher Hale (Hale) is a natural person and an employee of PFS who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Hale is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10. The above named Defendants are in the business of collecting consumer debts using the mails and telephone and regularly attempt to collect consumer debts owed, or alleged to be owed, to another person or entity.

## VENUE

11. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County.

12. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

13. On or about December 20, 2012 Plaintiff received a dunning letter from PFS dated December 12, 2012 demanding payment in the amount of $145.46 for a consumer debt alleged to be owed to the City of Dallas which was sent by Hale on behalf of PFS. *See* Exhibit 1

14. Plaintiff sent a response on December 22, 2012 by certified mail disputing the alleged debt and demanding Defendants cease and desist from any further collection activities until they validated the alleged debt. See Exhibit 2

15. On or about December 31, 2012 Plaintiff received another notice from PFS which stated that information was enclosed in response to Plaintiff's request for validation. *See* Exhibit 3 This communication was again sent by Hale. The only information provided was a single sheet of paper with a number of different and very odd and confusing numbers and words with nothing indicating who the information was from with two different monetary figures shown. *See* Exhibit 4 One of the figures stated "'TOTAL AMT SUSPENSED 145.46" and just below that there was a line that stated "TYPE............WATER", and the next line was "AMOUNT............30.56." There was also a comment of "DESCRIPTION....SYSTEM GENERATED" and another which stated "COLLECTION AGENCY........PENN COLLECTION AGENCY". The letter from PFS accompanying the purported validation stated **"This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."** The information provided was very confusing and contradictory to the Plaintiff as a least

sophisticated consumer as there were multiple amounts shown on the document provided, no name of the alleged creditor, and even the name of a different collection agency was present.

16. Defendants failed to provide any accounting or proper validation of the alleged debt claimed to be owed after the Plaintiff's request. PFS and Hale again attempted to collect the alleged debt as evidenced by the language in the letter **"This is an attempt to collect a debt and any information obtained will be used for that purpose"** in violation of 15 U.S.C. § 1692g(b).

17. Defendants provided a confusing and convoluted document to the Plaintiff as purported validation of the alleged debt with different amounts shown in the document and no identification of the alleged creditor as well as the name of another collection agency which was a false and misleading representation or means in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

18. Defendants provided a confusing and convoluted document to the Plaintiff as purported validation of the alleged debt with **different amounts shown in the document** and no identification of the alleged creditor and in so doing misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2).

19. Plaintiff sent a letter back to PFS dated December 31, 2012 stating that the information they had sent didn't make much sense. *See* Exhibit 5  Plaintiff also stated "I made a demand for validation and you sent me some nonsense that doesn't have a name of any entity on it" and "If you can PROPERLY validate this alleged debt then send something to me that makes sense." Plaintiff had no further response from PFS and Hale to his request.

20. On March 28, 2013 Plaintiff sent a Notice of Intent to Sue to PFS and Hale stating his intent to file a civil action against PFS and Hale for violations of the FDCPA, TDCPA and DTPA

if the parties could not reach an amicable settlement of the damages incurred by the Plaintiff as a result of their actions within a reasonable time period. Plaintiff stated that he needed a response to his notice within 10 days of their receipt of said notice to start settlement discussions to avoid having Plaintiff commence a civil action for damages.

21. Plaintiff did not receive any response from PFS or Hale. Plaintiff then sent a final notice to the Defendants with a copy of the complaint attached to give them another opportunity to mitigate the damages in settlement discussions.

22. The only response that Plaintiff received from PFS was from Barbara A. Hoerner, Esq., Corporate Counsel for PFS, who sent a letter dismissive of the Plaintiff's claims and a denial that PFS had violated any laws and suggested the Plaintiff should read the statutes rather than attempting to settle the matter.

23. Plaintiff notes that as shown in Exhibit 2 attached, the dates shown in the exhibit indicate **the alleged debt was beyond the statute of limitations** in Texas at the time PFS and Hale attempted to collect it.

## COUNT I

## VIOLATIONS OF THE FDCPA

24. Plaintiff repeats and re-alleges each and every allegation stated above.

25. Defendants' aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendants violated the FDCPA.

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000 for each Defendant;

    c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

    d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TDCPA

26. Plaintiff repeats and re-alleges each and every allegation stated above.

27. Defendants violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. Using false representation or deceptive means to collect a debt or obtain information concerning a consumer, including Tex. Fin. Code § 392.304(a)(19).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging the Defendants violated the TDCPA;

    b. Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

    d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATION OF THE DTPA

28. Plaintiff repeats and re-alleges each and every allegation stated above.

29. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a).

30. Defendants violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a. Adjudging that Defendants violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

b. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 18, 2013

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642