UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID MACK, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-00544 |
| | § | |
| PROGRESSIVE FINANCIAL | § | |
| SERVICES, INC. | § | |
|    Defendant. | § | |

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S MOTION FOR SECURITY FOR COSTS UNDER LR CV-65.1(b)**

COMES NOW, Progressive Financial Services, Inc. ("Progressive"), and files its Motion for Security for Costs Under LR CV-65.1(b) and would respectfully show unto the Court as follows:

**I.**

**ARGUMENT AND AUTHORITIES**

1. The United States District Court, Eastern District of Texas Local Rule CV-65.1(b) states "[o]n its own motion or on motion of a party and, after an opportunity to be heard, the court may at any time order a *pro se* litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexations *pro se* litigant."

2. Plaintiff is believed to run websites giving *pro se* litigants advice on filing suits against debt collection agencies under the FDCPA, TCPA and various other statutes. Exhibit A. Plaintiff also hosts a radio talk show titled "Dallas Debt Discussion" weekly on every Monday night for the last five years discussing with various people and *pro se* litigants about their cases, strategy

problems, *et cetera*. Exhibit B. Last, there is a website "knockoutcollectors.net" registered by Mack Marketing Group and the register's name as David Mack. Exhibit C.

3.     In a cursory review of some of the archives of Plaintiff's "Dallas Debt Discussion" talk show online, found at http://www.talkshoe.com/talkshoe/web/talkCast.jsp?masterId-54318&cmd=tc , the following statements can be found:

- 11/11 – 25:25 "…with over 20 federal lawsuits filed and I've got two going on now and I've got more waiting"

- 10/21 – 7:39 "I got another settlement check today for 1,600 bucks. That was very nice. I filed a motion to dismiss with the court today and accordingly with that law suit, and while I was there I just decided to go ahead and file another one…."

Further, there is a video on YouTube explaining the "What Lies in Your Debt" services website and its services[1]. The video contains seminars and topics titled "Taking Their Money", "Protecting Your Money", "beating credit cards", "Introduction – What is the Summer Slam and will it help me?", "Summer Slam Part 2 – How to profit from the FDCPA", "Summer Slam Part 3 – Strategies and planning your complaint (one topic, "How to maximize your settlement amounts"). The topics of "Taking Their Money" and "beating credit cards" are particularly alarming. Other alarming statements that can be viewed within the video are "A typical settlement or judgment for **each** defendant can range from $1,000-$10,000!", "Many times the mere threat of a lawsuit will be enough for them to settle with you."

4.     Plaintiff's litigious tactics and threats are not limited to the internet. Plaintiff has also filed numerous suits against debt collection agencies within this District of the United States District Courts. Plaintiff has filed the following suits since January 1, 2011:

---

[1] The video can be watched at www.youtube.com/watch?v=7yNw2Pzrk3M.

1) *Mack v. Palisades Collection, LLC, et al*, 4:11-cv-00343-MHS-ALM (June 10, 2011)

2) *Mack v. Scott, et al*, 4:11-cv-00348-RAS-DDB (June 13, 2011)

3) *Mack v. Palisades Collection, LLC, et al*, 4:11-cv-0344-MHS-ALM (June 10, 2011)

4) *Mack v. J.A. Cambece Law Office, et al*, 4L11-cv-00347-MHS-ALM (Nov. 23, 2011)

5) *Mack v. Second Round, LP*, 4:11-cv-00771-MHS-ALM (Nov. 23, 2011)

6) *Mack v. Capital Mgmt. Servs., LP*, 4:12-cv-00314-RC-ALM (May 2, 2012)

7) *Mack v. Scott, et al*, 4:11-cv-00349-RAS-DDB (June 13, 2011)

8) *Mack v. Scott, P.C., et al*, 4:11-cv-00350-MHS-ALM (June 13, 2011)

9) *Mack v. Firstsource Advantage, LLC*, 4:11-cv-00731-RAS-DDB (Nov. 8. 2011)

10) *Mack v. Zwicker & Assocs., P.C., et al*, 4L11-cv-00757-RAS-DDB (Nov. 18, 2011)

11) *Mack v. Equable Ascent Fin., LLC*, 4:11-cv-00753-DDB (Dec. 2, 2011)

12) *Mack v. Firstsource Advantage, LLC*, 4:11-cv-00814-RC-ALM (Dec. 12, 2011)

13) *Mack v. West Asset Mgmt., et al*, 4:11-cv-00831-RAS-DDB (Dec. 15, 2011)

14) *Mack v. Bronson & Migliaccio, LLP,* 4:11-cv-008300-RAS-DDB (Dec. 20, 2011)

15) *Mack v. United Recovery Systems, L.P.*, 4:12-cv-00303-RC-ALM (May 16, 2012)

16) *Mack v. NCO Fin. Systems, Inc.*, 4:12-cv-00304-RC-ALM (May 16, 2012)

17) *Mack v. Nationwide Credit, Inc.*, 4:12-cv-00305-RAS-DDB (May 16, 2012)

18) *Mack v. Cavalry Portfolio Servs. LLC*, 4:12-cv-00380-RC-ALM (June 21, 2012)

19) *Mack v. First Fin. Asset Mgmt., Inc.*, 4:12-cv-00546-RC-ALM (Sept. 19, 2013)

20) *Mack v. I.C. Sys., Inc.*, 4:13-cv-00615-RAS-DDB (Oct. 21, 2013)

<u>Exhibit D</u>. Plaintiff has filed at least twenty (20) suits against other collection agencies in this District.

5.  An improper motive, which satisfies the "vexatious" prong, does not necessarily refer to

bad faith or intent to harass. *Ratliff v. Stewart*, 508 F. 3d 225, 235 n. 13 (5th Cir. 2007). Vexation implies something broader than that. *Id.* To "vex" is defined, among others things, as "to bring trouble or distress to," "to subject to mental suffering," or "to irritate or annoy," as well as "to tease or torment." *Id.* (quoting Webster's Third New International Dictionary of the English Language 2548 (1981)). Progressive believes the evidence discussed and attached to this motion demonstrates a more than sufficient basis for moving this Court to exercise Local Rule CV-65.1(b) and require Plaintiff to put up security for potential costs, sanctions or other amounts which may be awarded to Progressive.

## II.

## CONCLUSION

6. This is an ideal case for this Court to exercise Local Rule CV-65.1(b). Available information regarding Plaintiff signifies potential vexatious and sanctionable conduct in this litigation. Progressive requests this Court to provide it the protection of Local Rule CV-65.1(b) to safely move forward in this case.

WHEREFORE, PREMISES CONSIDERED, Progressive Financial Services, Inc. respectfully requests this Court to grant its Motion in its entirety, and award any other relief, whether at law or in equity, justly entitled.

Respectfully submitted,

[SIGNATURE BLOCK ON FOLLOWING PAGE]

**ROBBIE MALONE, PLLC**

/s/ Xerxes Martin
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
DREW JONES
State Bar No. 24083269
Email: djones@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel via ECF and Certified Mail, Return Receipt Requested on this 18th day of December, 2013 to:

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

/s/ Xerxes Martin
XERXES MARTIN

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S MOTION FOR SECURITY FOR COSTS UNDER LR CV-65.1(b)** – **Page 5**
M:\219.0000 Progressive Financial Services, Inc\219.0003 David Mack v. Progressive Financial Services, Inc\Pleadings\219.0003.Motion For Security for Costs.docx