UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID MACK, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:13-CV-00544 |
| § | | |
| PROGRESSIVE FINANCIAL § | | |
| SERVICES, INC. § | | |
|    Defendant. § | | |

### DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE ON ITS MOTION FOR SECURITY FOR COSTS UNDER LR CV-65.1(b)

COMES NOW, Progressive Financial Services, Inc. ("Progressive"), and files its Reply to Plaintiff's Response on Its Motion for Security for Costs Under LR CV-65.1(b) and would respectfully show unto the Court as follows:

### I.

### ARGUMENT AND AUTHORITIES

1. There is a fundamental fallacy in Plaintiff's argument. He relies on Texas Civil Practice & Remedies Code § 11.054 regarding vexatious litigants. However, this rule neither applies nor is it the rule under which Progressive seeks relief. Progressive asks this Court to apply Eastern District of Texas Local Rule CV-65.1(b) which does not require any amount of cases to have been "finally determined adversely to the plaintiff." LR CV-61.1(b); Tex. Civ. Prac. & Rem. Code § 11.054.

2. Second, although Plaintiff argues that while the websites knockoutcollectors.com and knockoutcollectors.net are both registered to him, "[t]here are NO online active websites for those domain names nor has there ever been", both of these websites direct back to www.whatliesinyourdebt.com. There is clearly a connection between the websites and

registration to Plaintiff. This does not just happen to be a coincidence Plaintiff's websites link to www.whatliesinyourdebt.com.

3. The Eastern District Local Rule CV-61.1(b) states "the court may at any time order a *pro se* litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious *pro se* litigant." Tex. Civ. Prac. & Rem. Code § 11.054, which Plaintiff argues against (which does not apply here) does require more evidence than Local Rule CV-61.1(b), however, the Texas statute also poses greater consequences as well. For instance, Tex. Civ. Prac. & Rem. Code § 11.056 states a court "shall dismiss a litigation to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order."[1] The Texas Rules even allow a court to "enter an order prohibiting a person from filing, in propria persona, a new litigation in a court in [the] state" if it finds the person is a vexatious litigant and if the local administrative judge of the court has not granted permission to the person to file the litigation. Tex. Civ. Prac. & Rem. Code § 11.101.

4. Here, Progressive is only asking for security in an amount determined appropriate by the Court. Progressive believes the evidence attached to the original motion is ample for the Court to determine security of costs is appropriate in this case. The motion is made in good faith to protect Progressive in case of judgment in its favor or in the event of sanctionable conduct in this litigation. Based on the evidence at hand, this Court should assess security for potential costs and sanctions.

---

[1] This is not to say this Court cannot do this, but it is not delineated within the Local Rule.

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE ON ITS MOTION FOR SECURITY FOR COSTS UNDER LR CV-65.1(b)** – **Page 2**
M:\219.0000 Progressive Financial Services, Inc\219.0003 David Mack v. Progressive Financial Services, Inc\Pleadings\219.0003.Reply on Motion for Security for Costs.docx

## II.

## CONCLUSION

5. Progressive requests this Court to provide it the protection of Local Rule CV-65.1(b) to move forward in this case. It is unknown how legitimate Plaintiff's numerous cases are/were given the costs to litigate a matter are significant compared to the amount in controversy. That is, many defendants in these lawsuits may have settled even if they had meritorious defenses due to the cost of litigating to a successful outcome. However, with the number of cases Plaintiff has filed against various defendants, the statements in his internet talk shows, and the web domains registered in his name, Progressive unarguably has concerns going forward. Progressive files this motion to express its concerns and to persuade this Court to share those concerns and use its discretion to exercise Local Rule CV-65.1(b).

WHEREFORE, PREMISES CONSIDERED, Progressive Financial Services, Inc. respectfully requests this Court to grant its Motion in its entirety, and award any other relief, whether at law or in equity, justly entitled.

                  Respectfully submitted,

                  [SIGNATURE BLOCK ON FOLLOWING PAGE]

                    **ROBBIE MALONE, PLLC**

                    /s/ Xerxes Martin
                    ROBBIE MALONE
                    State Bar No. 12876450
                    Email: rmalone@rmalonelaw.com
                    XERXES MARTIN
                    State Bar No. 24078928
                    Email: xmartin@rmalonelaw.com
                    DREW JONES
                    State Bar No. 24083269
                    Email: djones@rmalonelaw.com
                    ROBBIE MALONE, P.L.L.C.
                    Northpark Central, Suite 1850
                    8750 North Central Expressway
                    Dallas, Texas  75231
                    TEL: (214) 346-2630
                    FAX: (214) 346-2631

                  *COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel via ECF and Certified Mail, Return Receipt Requested on this 12th day of February, 2014 to:

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

                    /s/ Xerxes Martin
                    XERXES MARTIN