**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 2 8 2014

BY DAVID J. MALAND, CLERK
DEPUTY

| | | |
|---|---|---|
| **David E Mack** | § | |
| *Plaintiff,* | § | **Case No.  4:13-cv-544** |
| | § | |
| | § | |
| **vs** | § | |
| | § | |
| **PROGRESSIVE FINANCIAL** | § | |
| **SERVICES, INC.,** | § | |
| **CHRISTOPHER HALE** | § | |
| *Defendants.* | § | |
| | § | |

<u>**PLAINTIFF DAVID E. MACK'S  REPLY TO PROGRESSIVE FINANCIAL
SERVICES, INC.'S RESPONSE TO   PLAINTIFF'S MOTION TO STRIKE
PROGRESSIVE FINANCIAL SERVICES, INC'S MOTION FOR SECURITY FOR
COSTS UNDER LR CV-65.1(b)**</u>

COMES NOW, Plaintiff *pro se*, David E. Mack, who files his Reply to Progressive

Financial Services, Inc.'s Response to Plaintiff's Motion to Strike Defendant's Motion for

Security for Costs Under LR CV-65.1(b) and states as follows:

**I.**

1. Defendant Progressive Financial Services, Inc. responded to Plaintiff's Motion to Strike

   Defendant's Motion for Security for Costs Under LR CV-65.1(b) and makes nothing more

   than frivolous and unfounded arguments and in fact is quite disingenuous before this

   Honorable Court.

2. Defendant makes much of the fact that the Plaintiff points out to the Court that the

   Defendant did not properly file its motion with the Court in regard to the Exhibits attached

   to its motion.  Defendant apparently believes that the Court should not be made aware of the

   numerous errors made by the Defendant in the filing of its motion and service of it and other

   filings afterward.  The Defendant appears to have no intention of following the rules and it is

the duty of the Plaintiff to make the Court aware of the numerous deficiencies in procedure by the Defendant that are all too obvious even to this *pro se* litigant.  The refusal of the Defendant to follow even the most rudimentary rules of motion practice IS prejudicial to the Plaintiff especially if the Defendant is allowed to get away with it.   Plaintiff simply pointed out to the Court that the Defendant did not properly file its motion with the Court and nothing more.  The Defendant should be required to follow the rules the same as the Plaintiff *pro se* is expected and required to do.

3. Defendant attempts to explain away its failure to confer and attach a certificate of conference to its motion by misconstruing the wording of LR CV-7(i) and arguing it had no obligation to do so.  Defendant conveniently quotes just a few words from LR CV-7(i) "[n]either the 'meet and confer' nor the 'certificate of 'conference' requirements are applicable to *pro se* litigants...." **The actual reading of the rule CLEARLY means that *pro se* litigants are not required to confer and provide a certificate of conference** rather than Defendant's disingenuous interpretation that **counsel who is *dealing* with *pro se* litigants is not required to confer and provide a certificate of conference**.  The Defendant obviously did not **know** the Plaintiff would oppose its motion when it failed to confer but instead relied on the ***assumption*** that Plaintiff would oppose the motion.  The Defendant was, in fact, obligated to confer and provide a certificate of conference with its motion according to the rules and it failed to do so.  The Defendant clearly did not comply with LR CV-7(h)(i) and therefore its motion should be stricken from the record.

4. Defendant admits it did not serve a copy of its Motion for Security of Costs to the Plaintiff as stated in Plaintiff's Motion to Strike.  It argues that there is no prejudice because the Plaintiff was able to respond and brief the Court but fails to recognize that the ONLY reason

the Plaintiff was able to respond was because the **Court issued an Order** directing the Plaintiff to do so which was the first notice to the Plaintiff that the motion had been filed several weeks prior.  Had the Court not notified the Plaintiff of the filing he would not have known and would have been prejudiced by the apparently intentional conduct of the Defendant.  Plaintiff's Motion to Strike should be granted due to Defendant's continued improper conduct and failure to follow the local rules and FRCP 5.

5.  Interestingly, Defendant provides evidence of its own failure to serve the Plaintiff a copy of its Response to Plaintiff's Response to the Motion for Security of Costs in a timely manner as argued in Plaintiff's Motion to Strike.  Defendant provided a copy of a certified mail receipt and green card with Plaintiff's signature [Exhibit A] as evidence that it did serve a copy to the Plaintiff and intimates it did so on a timely basis.  Upon inspection the Court can see that the cover letter in Exhibit A is dated February 19, 2014 a full week after the Response was filed with the Court on February 12, 2014.  [*See* Doc 20]  This also just happens to be the day AFTER Plaintiff filed his Motion to Strike with the Court, February 18, 2014, [*See* Doc. 21] and the Defendant became aware that the Court had been noticed of that deficiency.  In addition, upon close inspection the Court can see that the Plaintiff signed the green card on February 21, 2014 which is 11 days after Defendant's response was filed with the Court and **just one day after the letter was mailed to the Plaintiff** according to online USPS records. [*See* Exhibit 1]  To intimate that the Defendant had complied with FRCP 5 and made proper service to the Plaintiff is disingenuous at best and just more of the attempted cover up of Defendant's failure to comply with the rules that require it to give the Plaintiff proper notice of filings with the Court.

## II.

WHEREFORE, because the Defendant repeatedly failed to follow both the local rules and FRCP 5 in filing its Motion for Security of Costs under LR CV-65.1(b) and making service of its motion and response to Plaintiff's response to the motion, this Honorable Court should use its discretion and enter an order striking Defendant's Motion for Security For Costs Under LR CV-65.1(b) from the record.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated:  February 28, 2014

David E Mack

ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231