# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN  DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| | § | |
| v. | § | Case No. 4:13cv544 |
| | § | (Judge Clark/Judge Mazzant) |
| PROGRESSIVE FINANCIAL SERVICES, | § | |
| INC. and CHRISTOPHER HALE | § | |

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO STRIKE

Pending before the Court is Plaintiff David E. Mack's Amended Motion to Strike Defendant Progressive Financial Services, Inc.'s Motion for Security of Costs Under LR CV-65.1(b) (Dkt. #22). Having considered the relevant pleadings, the Court finds that the motion should be denied.

On September 18, 2013, Plaintiff, *pro se*, sued Defendants Progressive Financial Services, Inc. ("Progressive") and Christopher Hale for violation of the Fair Debt Collection Act. On December 18, 2013, Progressive filed a motion for security for costs under Local Rule 65.1(b) (Dkt. #6).  On February 20, 2014, Plaintiff filed a motion to strike this motion (Dkt. #22).  On February 26, 2014, Progressive filed a response (Dkt. #23).

Plaintiff requests Progressive's motion for security for costs be stricken for its exhibits filed as one pdf document rather than separate exhibits, no certificate of conference, and failure to send copies of the motion and reply to Plaintiff.

Plaintiff first asserts that Progressive's motion should be stricken because its four exhibits were electronically filed as one document rather than four separate documents.  Progressive asserts that this is not a basis for striking the document because only the Court can raise the issue.  This statement is not correct; just because the Clerk's office does not render a document  deficient, a party

could still move to strike a document based upon the failure to comply with a local rule. Nonetheless, the Court determines that Plaintiff's request to strike for the failure to comply with the local rule should be denied.  There is no harm or prejudice to Plaintiff.

Plaintiff next asserts that Progressive failed to confer before filing its motion and failed to attach a certificate of conference.  However, Local Rule CV-7(i) does not require parties to meet or confer with *pro se* litigants or to attach a certificate of conference.  This request to strike is also denied.

Plaintiff's final assertion is that Progressive failed to send a copy of its motion and its reply to Plaintiff in compliance with Fed. R. Civ. P. 5.  Progressive does admit that it appears it did not mail the motion to Plaintiff, but asserts that the reply was mailed.  Progressive further asserts that the motion in question has been fully briefed, and there can be no showing of prejudice to Plaintiff. The Court agrees, and this request is denied.

It is therefore ORDERED that Plaintiff David E. Mack's Amended Motion to Strike Defendant Progressive Financial Services, Inc.'s Motion for Security of Costs Under LR CV-65.1(b) (Dkt. #22) is hereby DENIED.

**SIGNED this 18th day of March, 2014.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE