# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID MACK | . | § |
| | | § |
| V. | | § CASE NO. 4:13cv544 |
| | | § (Judge Clark/Judge Mazzant) |
| PROGRESSIVE FINANCIAL SERVICES, INC. | | § |

## ORDER

Pending before the Court is Defendant's Motion for Security for Costs Under LR CV-65.1(b) (Dkt. #6). Having considered the relevant pleadings, the Court finds that Defendant's motion should be denied.

Defendant requests that the Court require Plaintiff to put up security for potential costs or sanctions before proceeding with this lawsuit (Dkt. #6). On February 5, 2014, Plaintiff filed a response (Dkt. #17). On February 12, 2014, Defendant filed a reply (Dkt. #20).

Defendant makes this request pursuant to Local Rule 65.1(b).

Local Rule 65.1(b) provides as follows:

> (b) **Vexatious Litigants; Security for Costs.** On its own motion or on motion of a party and, after an opportunity to be heard, the court may at any time order a *pro se* litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious *pro se* litigant.

Defendant invokes the Court's local rule based upon Plaintiff's prior filings in the court as well as Plaintiff's efforts to publicize the ability to sue for violations of various federal statutes. The Court declines Defendant's request. Defendant fails to come close to reaching the level to declare Plaintiff vexatious. Defendant points the Court to twenty cases filed by Plaintiff in this district, but fails to explain which, if any, of these cases were dismissed as frivolous. The fact, by itself, that Plaintiff files a large number of cases does not make him vexatious. Plaintiff has a right to sue for violation

of his rights, and this Court has never found that Plaintiff abused the process in his prior litigation. Moreover, Defendant fails to point the Court to any case where Rule 65.1(b) was applied to a Plaintiff suing for this type of claims. The Court also does not see how the fact that Plaintiff publishes his efforts and explains how to sue for alleged violations would warrant relief under Rule 65.1(b).

It is therefore **ORDERED** that the Motion for Security for Costs Under LR CV-65.1(b) (Dkt. #6) is hereby **DENIED**.

**SIGNED this 24th day of March, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE