**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID E. MACK | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-00544 |
| | § | |
| PROGRESSIVE FINANCIAL | § | |
| SERVICES, INC., CHRISTOPHER HALE | § | |
|     Defendants. | § | |

**DEFENDANTS PROGRESSIVE FINANCIAL SERVICES, INC.**
**AND CHRISTOPHER HALE'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendants Progressive Financial Services, Inc. ("Progressive") and Christopher Hale ("Hale") (hereafter collectively "Defendants"), by and through the undersigned counsel, files their Motion for Summary Judgment and to respectfully show unto the Court as follows:

**I.**

**BACKGROUND FACTS**

1.      Plaintiff filed his First Amended Complaint in this case on January 27, 2014.  (Doc. No. 13).  The Complaint alleges that Progressive violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") by failing to properly validate Plaintiff's debt and by misrepresenting the character, amount, or legal status of the alleged debt. "Doc. No." 13.  On December 12, 2012, Progressive sent Plaintiff a letter which notified Plaintiff that his account had been referred to Progressive for collection.  Defendant's Appendix "Def. App." at 2 ¶ 8; Def. App. 8-9.  In this letter, Progressive provided Plaintiff with a validation of the debt, satisfying all five requirements under 15 U.S.C. 1692g.  *Id.*  On December 22, 2012, Plaintiff disputed the debt and requested verification. Def. App. at 2 ¶ 9; Def. App. 9-10.  On December 27, 2012,

Progressive provided Plaintiff a letter verifying the debt and attached account details pertaining to the debt.  Def. App. at 2 ¶ 10; Def. App. 11-12.  Plaintiff now contends that Progressive's verification was inadequate and violated the FDCPA.  He is seeking statutory damages, his attorney's fees and costs, and post-judgment interest.  Doc. No. 13 at 6.  Progressive now brings this Motion for Summary Judgment requesting this Court to render judgment for Defendants on Plaintiff's claims based on Plaintiff's insufficient evidence.

**II.**

**SUMMARY JUDGMENT STANDARD**

2.      The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). Additionally, a motion for summary judgment serves to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553 (1986). A finding for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Celotex*, 477 U.S. at 372. When a defendant moves for summary judgment, it may either (a) submit summary judgment evidence negating the existence of a material element of the plaintiff's claim, or (b) show there is no evidence to support an essential element of the plaintiff's claim. *Celotex*, 477 U.S. at 322-25. Thus, the movant may identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *See Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). This can be done by pointing

out "the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

3.      If the movant meets this initial burden, the non-movant then must introduce evidence establishing that there is a genuine issue of material fact. *Matsushita*, 475 U.S. at 585-86. In making the decision whether a fact issue exists, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

### III.

### ARGUMENT AND AUTHORITIES

4.      Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(b) and § 1692e based on Progressive's December 12, 2012 and December 27, 2012 letters.  Def. App. at 2 ¶¶ 8, 10; Def. App. 8, 11-12.  These letters do not establish a statutory violation but instead demonstrate that Defendants went beyond what is required for adequate verification under the FDCPA.  Plaintiff wishes for a heightened standard for verification of one's debt, which is both outside of the spirit and letter of the FDCPA.  Further, Plaintiff has produced no evidence supporting any of his FDCPA claims and fails to provide any precedent for his allegations.  Progressive's actions were in strict compliance with the FDCPA, and, as such, this Court should render judgment in favor of Defendants on Plaintiff's claims.

### A.      Plaintiff's FDCPA § 1692g(b) Claims Fail.

5.      FDCPA § 1692g(b) states that "[i]f a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof,

until such verification or judgment or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b)."

6.      Plaintiff does not deny that Progressive provided notice but instead alleges that Progressive's verification was insufficient. Progressive was assigned Plaintiff's account for collection by the City of Dallas.  Def. App. at 2 ¶ 7; Def. App. 4-7.  Progressive sent a notice to Plaintiff on December 12, 2012 that his debt with the City of Dallas had been referred to Progressive for collection. Def. App. at 2 ¶ 8; Def. App. 8.  Plaintiff disputed the validity of the debt and asked for verification from Progressive on December 22, 2012.  Def. App. at 2 ¶ 9; Def. App. 9-10.  On December 27, 2012, Progressive sent Plaintiff a verification letter with copies of his City of Dallas account details attached.  Def. App. at 2 ¶ 10; Def. App. 11-12.  This verification letter identified the City of Dallas as the original and current creditor and also identified the current balance that is owed by Plaintiff.  Plaintiff alleges that the verification letter and the attached account detail is confusing and fails to comply with the FDCPA.  Despite Plaintiff's own interpretation of the statute, there is no authority demonstrating that what Progressive has provided fails to comply with the requirements of the FDCPA.

7.      Contrary to Plaintiff's contention, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. *See Azar v. Hayter,* 874 F.Supp. 1314, 1317 (N.D.Fla.), *aff'd,* 66 F.3d 342 (11th Cir. 1995), *cert. denied,* 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996). Consistent with the legislative history, verification is only intended to "eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. There is no

concomitant obligation to forward copies of bills or other detailed evidence of the debt. *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999).  Progressive has gone above and beyond what prior courts consider sufficient verification.  Not only has Progressive confirmed that Plaintiff is the right person to whom to collect the debt from, but Progressive has also provided the specific amount which is owed, the original and current creditor, and a detailed account which supports the amount of the debt.  Plaintiff ignores the purpose and standard for verification and attempts to hold Progressive liable for his own misconceived perception of what qualifies as verification.  Simply put, his heightened standard is not within the letter, spirit or rationale of the FDCPA's verification statute.   Plaintiff has failed to provide any authority to hold Progressive to a higher standard of verification than required under the FDCPA.  Because of this resolute lack of evidence, and Progressive's evidence of strict compliance with the FDCPA, this Court should render judgment on Plaintiff's FDCPA § 1692g(b) claims and grant Progressive's Motion for Summary Judgment.

**B.      Plaintiff's FDCPA § 1692(e) Claims Fail.**

8.      Plaintiff alleges a violation of FDCPA §1692e(10), which allows for recovery if a debt collector used "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  However, the language Plaintiff uses in his petition seems to indicate that he is trying to recover under FDCPA § 1692e(2)(A) instead, when he claims that Progressive "misrepresented the character, amount, or legal status of the alleged debt."  Doc. No. 13 at ¶19.  FDCPA § 1692e(2)(A) makes it a violation for a debt collector to engage in the "false representation of the character, amount, or legal status of any debt[.]"  Clearly, Plaintiff is seeking to recover under FDCPA § 1692e(2)(A) as opposed to FDCPA § 1692e(2)(10).  Regardless of Plaintiff's intentions, he fails under both provisions.

9.      As Progressive states in its affidavit, the account was turned over for collection with a total debt owed on Plaintiff's account of $145.46.   Def. App. at 2 ¶ 7; Def. App. 4-7. Progressive clearly stated that Plaintiff's "balance due" was $145.46 in both its initial notice of referral letter and in its verification letter.  Def. App. at 2 ¶¶ 8, 10; Def. App. 8, 11-12.  Further, this amount can be shown clearly on the account details that Progressive provided to Plaintiff. Def. App. at 2 ¶ 10; Def. App. 12.  Plaintiff claims that he was confused by the account details and that as a result of his confusion, Progressive violated the FDCPA.  However, under the least sophisticated consumer standard, Progressive's identification of the total amount and character of the debt is clear.  Plaintiff's confusion by an itemization of what is owed is not sufficient to constitute a mischaracterization.   Further, Plaintiff has put forth no evidence or precedent demonstrating that Progressive's presentation of the debt owed violated the FDCPA.  As such, this Court should render judgment for Defendants on Plaintiff's FDCPA § 1692e claims.

10.      The correspondence between Plaintiff and Progressive clearly shows to whom the debt is owed.  Plaintiff incurred a debt with the City of Dallas.  Progressive provided this information to Plaintiff several times.  Def. App. at 2 ¶¶ 8, 10; Def. App. 8, 11-12.  This information can be found in the initial notice of referral letter and in Progressive's verification letter.  *Id*.  As stated above, the debt collector is not required to keep detailed files of the alleged debt. *See Azar v. Hayter,* 874 F.Supp. 1314, 1317 (N.D.Fla.), *aff'd,* 66 F.3d 342 (11th Cir. 1995), *cert. denied,* 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996).  Progressive has provided sufficient information to Plaintiff in order to confirm the legal status of the debt and to properly characterize the nature and amount of Plaintiff's debt.  As such, this Court should render judgment for Progressive on Plaintiff's FDCPA §1692e claims.

11.     As can be demonstrated from the correspondence between Plaintiff and Progressive, Progressive did not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff.  Because Progressive is in compliance with both FDCPA § 1692e(2)(A) and § 1692e(10), this Court should render judgment for Progressive on both of Plaintiff's claims as a matter of law.

12.     It is important to note that the burden is on Plaintiff to present evidence to support his claims.  Plaintiff has put forth *no* evidence supporting *any* of his claims, and seeks to recover from baseless allegations.  He has failed to provide any indicia of evidence that Progressive misrepresented the character, amount, or legal status of his debt.  He has failed to put forth any evidence that Progressive used false representations or deceptive means in order to collect Plaintiff's debt.  Because Plaintiff has not carried his burden to survive summary judgment, this court should render judgment for Defendants on Plaintiff's FDCPA claims.

**C.     Plaintiff is Not Allowed to Recover Attorney's Fees because He is Pro Se.**

13.     Plaintiff is seeking to recover his attorney's fees as a part of his damages.  A pro se litigant, even if an attorney, is not entitled to attorney fees.  See, e.g., *Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (attorney pro se P); *White v. Armontrout*, 29 F.3d 357, 361 (8th Cir.1994) (nonattorney pro se P).  Because Plaintiff is pro se, he is not entitled to recover his attorney's fees. As such, his claim for attorney's fees should not survive summary judgment.

**IV.**

**CONCLUSION**

14.     Plaintiff fails to provide any evidence that creates a genuine issue of material fact that Progressive or Hale violated the FDCPA.  However, the evidence shows Defendants' attempts to collect Plaintiff's debt did not constitute any of the alleged FDCPA violations. Progressive's

actions outstripped what is required for adequate verification and its actions were within the confines of the FDCPA. As a result, Plaintiff's claims should be resolved in Defendants' favor at summary judgment.

WHEREFORE PREMISES CONSIDERED, Progressive Financial Services, Inc. and Christopher Hale respectfully requests that the Court Grant their Motion for Summary Judgment in its entirety and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Drew Jones_____
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
DREW JONES
State Bar No. 24083269
Email: djones@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/RRR on this 27th day of June, 2014 to:

David Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
(972) 735-9642

/s/Drew Jones_____