**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID E. MACK | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-CV-00544 |
| | § | |
| PROGRESSIVE FINANCIAL | § | |
| SERVICES, INC., CHRISTOPHER HALE | § | |
|     Defendants. | § | |

**DEFENDANTS PROGRESSIVE FINANCIAL SERVICES, INC.
AND CHRISTOPHER HALE'S REPLY TO PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendants Progressive Financial Services, Inc. ("Progressive") and Christopher Hale ("Hale") (hereafter collectively "Defendants"), by and through the undersigned counsel, files their Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment and to respectfully show unto the Court as follows:

**I.**

**OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

1.   Plaintiff included an affidavit in support of his Memorandum in Opposition to Defendants' Motion for Summary Judgment. Doc. 35-1. An affidavit in support of a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). This affidavit consists almost entirely of hearsay, speculation, and unsubstantiated assertions and legal conclusions that are not admissible in evidence. A court must not consider parts of an affidavit or declaration that do not meet the requirements of Fed. R. Civ. P. 56(c)(4) when determining a motion for summary judgment. *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004). Defendants' objections to Plaintiff's Affidavit are as follows:

### A. Hearsay

2.  Hearsay evidence cannot be considered on a motion for summary judgment. *Maryland Highway Contractors v. State of Md.*, 933 F.2d 1246, 1251-52 (4th Cir. 1991); *Garside v. Osco Drug, Inc.*, 895 F.2d 45, 50 (1st Cir. 1990). Defendants object to the following paragraphs of Plaintiff's Affidavit (Doc. 35-1 at 1-4) as inadmissible hearsay:

> ¶ 4 – "Affiant was completely confused when he viewed the document titled ***CONFIDENTIAL***CONFIDENTIAL*** which was provided by defendants as verification of the debt alleged to be owed by Affiant."
>
> ¶ 5 – "[N]umerous questions came to Affiant's mind as he attempted to read and comprehend the ***CONFIDENTIAL*** document he had been sent by the Defendants."
>
> ¶ 6 – "That Affiant was very confused when viewing the ***CONFIDENTIAL*** document. As a result of his confusion **some** of the questions that came to Affiant's mind when viewing the document that he could not discern or understand an answer to with the information provided were:
> - What does "SUSPENSED" mean?
> - Was the amount 145.46 alleged to be due for some products(s) or service(s) that had been provided
> - If the amount 145.46 alleged to be due was for products or services what were they?
> - If the amount $145.46 was for products or services when were they provided?
> - Was the product or service provided by the city or some other entity?
> - If the basis of the alleged debt 145.46 was for product(s) or service(s) who were they provided by?
> - Was the amount $145.46 inclusive of the 30.56 for water?
> - Was the amount 145.46 exclusive of the 30.56 for water?
> - Was the amount $145.46 for something related to water such as sewer charges?
> - Was the amount 145.46 alleged to be due for a penalty levied by the city?
> - Was the amount 145.46 alleged to be due partially for a penalty(ies) levied by the city?
> - If the amount 145.46 alleged to be due was penalty(ies) what was/were the penalty(ies) for?
> - Was the amount 145.46 alleged to be due incurred on multiple dates?
> - Was the amount 145.46 alleged to be due incurred for multiple items, services or penalties?
> - Was the amount 145.46 alleged to be due inclusive of any interest?
> - Was the amount 145.46 alleged to be due inclusive of any fees?

- Was the amount 145.46 alleged to be due the result of any judgment by a court?
- Was the amount alleged to be due incurred from a parking citation(s)?
- Was the amount alleged to be due incurred for any traffic violation(s)?
- Was the amount 145.46 alleged to be due actually owed to the City of Dallas?
- Was the amount 145.46 alleged to be due owed to Penn Collection Agency?
- Was Penn Collection Agency the real owner of the alleged debt?
- Was the amount 145.46 a debt that was actually owed by the Plaintiff?
- Why did the document state ***CONFIDENTIAL***CONFIDENTIAL at the top?
- Why wasn't there any indication that the document came from the City of Dallas?
- Why was 145.46 being demanded by Defendants when the only thing actually identifiable on the document provided as verification for any product or service was possibly 30.56 for water?"

¶ 7 – "Affiant was utterly confused as to what had been provided as verification and interpreted it as convoluted, confusing, nonsensical and unintelligible."

¶ 8 – "Affiant was not able to discern or understand what any amount alleged to be due by him was for or when the alleged obligation may have been incurred by looking at the ***CONFIDENTIAL*** document sent to him as verification by the Defendants."

¶ 10 – "Affiant received no further information from the Defendants attempting to verify or collect the alleged debt."

¶ 11 – "Affiant was not aware of ANY debt owed to the City of Dallas or Penn Collection Agency."

¶ 12 – "Affiant sent a Notice of Intent to Sue in an attempt to mitigate damages before litigation."

### B. Speculation, Unsubstantiated Assertions and Legal Arguments

3. Conclusory allegations, speculation, unsubstantiated assertions and legalistic argumentation are no substitute for specific facts showing genuine dispute of material fact. *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002); *BellSouth Telecomms. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d. Cir. 1996); *Cooper*-Schut, 361 F.3d at 429. Defendants object to the following paragraphs of Plaintiff's Affidavit (Doc. 35-1 at 1-4) as conclusory statements, speculation, and unsubstantiated legal conclusions:

¶ 4 – [see above]
¶ 5 – [see above]

¶ 6 – [see above]
¶ 7 – [see above]
¶ 8 – [see above]
¶ 10 – [see above]
¶ 11 – [see above]
¶ 12 – [see above]

## II.

## ARGUMENT AND AUTHORITIES

### A. 15 U.S.C. § 1692g(b)

4. Plaintiff makes several objections to the 15 U.S.C. § 1692g(b) arguments contained in Defendants' Motion for Summary Judgment ("the Motion"), however, his objections only demonstrate his lack of understanding of the requirements under the FDCPA. As stated in the Motion, Defendants were fully compliant with the requirements of the FDCPA at all times when attempting to collect on Plaintiff's account. The amount of wrong-doing that Plaintiff is attempting to attribute to the mailing of two compliant letters is a stretch, even when viewed under the most generous interpretation of the statutes.

5. As is undisputed, Progressive sent Plaintiff a letter on December 12, 2012 notifying him that his account with the City of Dallas had been referred to Progressive for collection. Doc. 35 at 2. This initial letter clearly identified Progressive as the sender, the City of Dallas as the original creditor, and Plaintiff as the account holder. All requirements of the FDCPA were met with this letter. Plaintiff made a timely request for validation of the debt, as is he is fully entitled to under the statute. *Id.* In response, Progressive sent Plaintiff a second letter verifying the debt, including a copy of the account details that the City of Dallas had provided Progressive at the time the account was placed for collection. *Id.*

6.  These two letters constitute the entirety of Progressive's activity on the account. No collection activity of any kind, calls or letters, took place after the receipt of Plaintiff's letter requesting validation of the account. Plaintiff was unsatisfied with the level of detail contained in these two letters, and is now attempting to transform his dissatisfaction into actionable violations on the part of the Defendants.

7.  Plaintiff's dissatisfaction with Defendants' validation letter all comes back to the level of detail that Plaintiff claims was lacking in Progressive's letters. Plaintiff is arguing for this Court to adopt an interpretation of the FDCPA that would force collection agencies to maintain an almost omnipresent system of records capable of anticipating and delivering each and every detail an individual consumer might arbitrarily require before agreeing to repay their debts. However, as argued in the Motion, verification of the debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. *See Azar v. Hayter,* 874 F.Supp. 1314, 1317 (N.D.Fla.), *aff'd,* 66 F.3d 342 (11th Cir. 1995), *cert. denied,* 516 U.S. 1048, 116 S.Ct. 712, 133 L.Ed.2d 666 (1996). Doc. 30 at 4. In his Memorandum, Plaintiff objects to this argument, stating that "Plaintiff's request could in no manner be construed as a request for 'copies of bills or other detailed evidence of the debt' or an unreasonable request by the consumer." Doc. 35 at 6.

8.  Plaintiffs objection fails on two fronts. First, Plaintiff completely ignores the first part of the argument where the *Azar* opinion states that verification under the FDCPA requires nothing more than a confirmation in writing of the amount owed. Both Progressive's initial letter and the subsequent validation letter contained a written statement of the same amount owed on the account. Consistent with the legislative history, verification is only intended to "eliminate the ...

problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699.

9.      Next, Plaintiff's contention that he never made a request for copies of bills or other detailed evidence of the debt flies completely in the face of his entire claim against Defendants. Only three paragraphs prior to making this statement, Plaintiff claims that he "did not ask for anything other than information that would allow him to discern what the correct amount alleged to be due was, what that obligation was incurred for, who it was owed to and proof that Plaintiff had agreed to pay what was allegedly due." *Id.* Then, as if to say that those four details would not be enough to satisfy his standards for validation, Plaintiff goes on to enumerate twenty-seven (27) other details that "come to mind" when he views the verification documents provided by Progressive. *Id.* at 11-12. Plaintiff goes on to make several other objections that all center on the lack of detail contained in Progressive's letters; however, each of these arguments fail similarly to show Defendants were in violation of the FDCPA. It is clear that Plaintiff was requesting a much more detailed verification of the debt than is required under the FDCPA.

10.     Defendants were compliant with the FDCPA when they sent the initial letter to Plaintiff, as well as when they sent the subsequent verification letter. Progressive even went beyond what is required under the FDCPA, as evidenced in their May 2, 2013 letter, which Plaintiff has attached to his Memorandum. Doc. 35-1 at 14-15. In the letter, Barbara Hoerner, General Counsel for Progressive, states that "Progressive asked the City for further VOD, but none was provided. In light of that, Progressive elected not to make further efforts to collect on the account." *Id.* Further, "[w]e will be sending the account back to the City as unresolved."

11.     Defendants committed no violations and Plaintiff has suffered no damages whatsoever as a result of the minimal collection activity on this account. Plaintiff cannot unilaterally expand the requirements of the statutes to fit his own standards and then bring a claim against Defendants for falling to meet them. This Court should grant Defendants' Motion for Summary Judgment on Plaintiff's 15 U.S.C. § 1692g(b) claim.

**B.   15 U.S.C. § 1692(e)**

12.     Plaintiff raises many of the same arguments and objections to Defendants' § 1692(e) arguments as he raised against Defendants' § 1692g(b) arguments. Just as before, his objections are unsupported by valid precedent and only evidence Plaintiff's own misapprehension of the requirements of the FDCPA.

13.     As stated in the Motion, Plaintiff's claim that he was confused by the account details provided in Progressive's letters does not in itself constitute a violation of statute. Plaintiff's Memorandum cites to some authority that states false or incorrect statements of the amounts owed on an account can constitute a violation of the FDCPA. *Id.* at 15. What is lacking here, as well as in the entirety of Plaintiff's claim, is any evidence at all that the amounts stated in Progressive's letters is incorrect. Both of Progressive's letters clearly stated that Progressive was the agency collecting on the account, the City of Dallas was the original creditor, Plaintiff was the account holder, and the amount owed was $145.46. The amount owed was verified at the request of Plaintiff and confirmed with the second letter and attached bill from the City of Dallas.

14.     Plaintiff has produced no evidence that Defendants misrepresented the character, amount, or legal status of his debt or that Defendants used false representations or deceptive means to collect that debt. Further, Plaintiff has raised no valid challenges to Defendants' Motion for

Summary Judgment. This Court should grant Defendants' Motion for Summary Judgment on Plaintiff's 15 U.S.C. § 1692e claim.

### C. Attorney's Fees

15.  Plaintiff states that he included attorney's fees in his request for relief "so that should he choose to retain an attorney to represent him in this action at some point in time that he was seeking attorney's fees accrued for work performed by any attorney(s)." *Id*. at 16. Defendants are unaware of any statute or precedent that allows for the pleading of contingent or provisional damages; as such, Defendants renew their contention that this Court should grant summary judgment on Plaintiff's claim for attorney's fees.

### D. Local Rule CV-56

16.  Plaintiff also asks this Court to strike Defendants' Motion for Summary Judgment for failure to comply with Local Rule CV-56. Plaintiff alleges Defendants failed to include a statement of the issues to be decided by the court or a "Statement of Undisputed Material Facts." Doc. 35 at 5. Defendants' Motion contains all required statements of facts and issues, and was properly submitted to this Court for consideration. Local Rule CV-56 does not proscribe any particular format for these inclusions; it only requires that they are part of the Motion. This Court should grant Defendant's properly submitted Motion for Summary Judgment in its entirety.

## III.

## CONCLUSION

17.    Plaintiff has failed to provide any evidence to carry his burden and create a genuine issue of material fact that Progressive or Hale violated the FDCPA. The long and short of this case is simply that Defendants sent two fully compliant letters to Plaintiff, and then voluntarily ceased all activity on the account once it became clear that Plaintiff would not be satisfied with the level of validation required under the FDCPA. Defendants have argued that Plaintiff's claims cannot survive summary judgment, and renew herein all arguments made in their Motion for Summary Judgment. Plaintiff's Memorandum in Opposition raises no new evidence of any violation on the part of Defendants. Accordingly, Plaintiff's claims should be resolved in Defendants' favor at summary judgment.

    WHEREFORE PREMISES CONSIDERED, Progressive Financial Services, Inc. and Christopher Hale respectfully request that this Court Grant their Motion for Summary Judgment in its entirety and for such other and further relief to which they may be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/RRR on this 13th day of August, 2014 to:

David Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
(972) 735-9642

/s/Robbie Malone