# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK | § | |
| | § | |
| v. | § | Case No. 4:13cv544 |
| | § | (Judge Clark/Judge Mazzant) |
| PROGRESSIVE FINANCIAL | § | |
| SERVICES, INC., CHRISTOPHER HALE | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. #30). Having considered the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

### BACKGROUND

Plaintiff David E. Mack, *pro se*, filed suit alleging that Defendants Progressive Financial Services, Inc. ("Progressive") and Christopher Hale ("Hale") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA").

On December 12, 2012, Progressive sent Plaintiff a letter which notified Plaintiff that his account had been referred to Progressive for collection. This letter stated that the creditor was the City of Dallas and gave the creditor account number and the debtor's name as Plaintiff. The letter also stated a balance due of $145.46. The letter also stated the following:

> This letter serves as formal notice that your above referenced account has been referred to us for collection. You are hereby notified that your responsibilities include repayment of the balance. The balance of your account is due in full. In order to avoid any further collection activity, mail your payment directly to my attention or call to discuss arrangements.

The letter also stated as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

On December 22, 2012, Plaintiff disputed the debt and requested validation. On December 27, 2012, Progressive provided Plaintiff a letter pertaining to the debt. This letter stated that the City of Dallas was the original creditor and current creditor, provided the account number, reference number, and the current balance of $145.46. The letter noted that the copy of the account details were attached. The attachment was a computer printout that had Plaintiff's name, address, and amount claimed. The attachment also listed this type of account as "water" and that "customer refuses to pay" as the reason for suspension of the account. The attachment also listed the collection agency as Penn Collection Agency. The attachment did not list the City of Dallas as the creditor.

Plaintiff now contends that Progressive's verification was inadequate and violated the FDCPA. He is seeking statutory damages, his attorney's fees[1] and costs, and post-judgment interest. Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(b) and § 1692e based on Progressive's December 12, 2012 and December 27, 2012 letters.

On June 27, 2014, Defendants filed a motion for summary judgment (Dkt. #30). On August 5, 2014, Plaintiff filed a response (Dkt. #35). On August 13, 2014, Defendants filed a reply (Dkt. #36).

---

[1] In Plaintiff's response, he concedes that he is not seeking attorney's fees in this case because he is *pro se*.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at

248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Defendants move for summary judgment on all FDCPA claims. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA restricts debt collectors from making false or misleading representations or using unfair collection methods. *Id.*; 15 U.S.C. §§ 1692e, 1692f. Debt collectors must also provide certain written information concerning the debt collection. 15 U.S.C. § 1692g.

Defendants first assert that Plaintiff's section 1692g(b) claim fails, asserting only that they complied with the notice requirements of the FDCPA. Section 1692g(b) provides that if a consumer notifies the debt collector in writing within 30 days of receipt of an initial communication regarding collection of a debt that the debt is disputed, the debt collector must "cease collection of the debt" until it "obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). To sustain a claim pursuant to section 1692g(b), the consumer must dispute the debt or any portion thereof within 30 days of receipt of the initial communication from the debt collector. *Id.*

The only question raised in Defendants' motion for summary judgment is whether Defendants provided proper verification under the FDCPA. Defendants assert that all that is required for verification is providing in writing that the amount being demanded from the creditor

is owed and that the debt collector is not required to keep detailed files of the alleged debt. Defendants rely upon *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), *aff'd*, 66 F.3d 342 (11th Cir. 1995), *cert. denied*, 516 U.S. 1048 (1996) and *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999).

Plaintiff asserts that his request for validation requested the following: "(1) what the money you say I owe is for; (2) Explain and show me how you specifically calulated the entire amount of what you say I owe; (3) Provide me with copies of any and all papers that show I agreed to pay what you say I owe; (4) Identify the original creditor." Plaintiff asserts that he did not ask for anything other than information that would allow him to discern what the correct amount alleged to be due was, what the obligation was incurred for, to whom it was owed, and proof that Plaintiff had agreed to pay what was allegedly due. Plaintiff agrees with Defendants that debt collectors are not required to provide copies of bills or other detailed evidence of the debt; however, Plaintiff asserts that verification requires more than what was provided by Defendants.

The FDCPA does not define what constitutes proper debt verification, nor has the Fifth Circuit specifically addressed the requirements of verification under the FDCPA. Since verification is undefined by the FDCPA the Court "carries its ordinary meaning." *Thompson v. Somervell County*, 431 F. App'x 338, 341 (5th Cir. 2011) (quoting *Crawford v. Metro. Gov't of Nashville & Davidson Cnty*, 555 U.S. 271 (2009)); *Garland v. Roy*, 615 F.3d 391, 399 (5th Cir. 2010). "This meaning must be determined 'from the context in which [the words] are used.'" *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (quoting *Thompson v. Goetzmann*, 337 F.3d 489, 497 (5th Cir. 2003)). "Dictionaries are a principal source for ascertaining the ordinary

5

meaning of statutory language[.]" *Id.* (citations omitted).

Verification is defined as "the act or process of verifying or the state of being verified: the authentication of truth or accuracy by such means as facts, statements, citations, measurements, or attendant circumstances" by Webster's Unabridged Third New International Dictionary (1986). The Court does not find that this dictionary definition is helpful.

Other circuit courts addressing this provision of the FDCPA has determined that verification is not intended to give a debtor a detailed accounting of the debt to be collected. Instead, "[c]onsistent with the legislative history, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Chaudhry*, 174 F.3d at 406; *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1003 (8th Cir. 2011); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006). In *Clark*, the Ninth Circuit adopted the standard as articulated by the Fourth Circuit, holding that "[a]t the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.'" *Id.* at 1173–1174 (quoting *Chaudhry*, 174 F.3d at 406). In *Dunham*, the Eighth Circuit declined to set a high threshold. 663 F.3d at 1004. More recently, the Sixth Circuit addressed the question of what verification means for purposes of section 1692g(b), and stated the following:

> These cases suggest that the "baseline" for verification is to enable the consumer to "sufficiently dispute the payment obligation." Although the answer to that question depends on the facts of a particular situation, the cases reflect that an itemized accounting detailing the transactions in an account that have led to the debt is often the best means of accomplishing that objective. Intuitively, such a practice makes good sense. In fact, it would likely lead to faster resolutions of disputes with those consumers who act in good faith, because it will either show a valid debt that a consumer acting in good faith will actually pay, uncover an error in the record of the

debt leading to the cancellation of the debt, or reveal the underlying dispute between the parties that can then be resolved. Finally, such an approach is consonant with the congressional purpose of the verification provision.

*Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785 (6th Cir. 2014). The Sixth Circuit determined the following:

> The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date.

*Id.* at 785-86.

Plaintiff cites the Court to *Haddad*, and Defendants fail to address this case in its reply brief. The Court finds that the *Haddad* analysis is persuasive and adopts it. Now, the question is whether Defendants' verification letter met this standard. The Court finds that Defendants' verification letter does not meet this standard. Thus, Defendants' summary judgment should be denied as to this claim.

Defendants also move for summary judgment on Plaintiff's claim that Defendants engaged in the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).[2] Section 1692e(2) generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(2). Section 1692e(2)(A) prohibits a debt collector from misrepresenting "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

---

[2] Plaintiff alleges a violation of 15 U.S.C. § 1692e(2)(10), which allows for recovery if a debt collector used "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." However, the language Plaintiff uses in his petition indicates that he is trying to recover under 15 U.S.C. § 1692e(2)(A).

Plaintiff asserts that the confusing and convoluted verification letter is a misrepresentation of the character, amount, or legal status of the alleged debt. The Court finds that Plaintiff has failed to raise a question of fact on this issue. Even if the verification letter failed to contain sufficient detail, that does not amount to a claim under section 1692e(2)(A). The Court finds that Defendants did not use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning Plaintiff. Summary judgment should be granted on this claim.

## RECOMMENDATION

It is recommended that Defendants' Motion for Summary Judgment (Dkt. #30) be GRANTED in part and DENIED in part. Plaintiff's claim under 15 U.S.C. § 1692e(2)(10) should be DISMISSED with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such

consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of October, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE