UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID MACK, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 4:13-CV-00544-RC-ALM |
| | § | |
| PROGRESSIVE FINANCIAL | § | |
| SERVICES, INC. | § | |
|    Defendant. | § | |

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S REPLY TO ITS OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

COMES NOW, Progressive Financial Services, Inc. ("Progressive"), and files itsReply to Its Objections to the Report and Recommendation of United States Magistrate Judge and would respectfully show unto the Court as follows:

**I.**

1. Plaintiff uses his Response brief to step on a soap box and give his opinion of the collection industry. He states that the industry is "all about the money" and their actions have "nothing to do with what is morally right, logical, or legal contrary to their statements." Doc. 40 at 1. He argues the adage "actions speak louder than words." *Id*. The actions: 1) Progressive received a request for verification of the debt; 2) Progressive received the verification provided to it by the creditor, the City of Dallas, and provided it to Plaintiff; 3) Plaintiff took the position the verification provided was not sufficient; 4) Progressive requested additional verification from the creditor, which it never provided; 5) Progressive ceased all collections (which it actually did when it received the request for verification); and 6) Progressive returned the account to the creditor. Reviewing these actions, any reasonable mind can conclude Progressives actions were undoubtedly to comply with the FDCPA.

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S REPLY TO ITS OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** – Page 1
M:\219.0000 Progressive Financial Services, Inc\219.0003 David Mack v. Progressive Financial Services, Inc\Pleadings\219.0003.Reply on Objection to Report and Recommendation.docx

2.     Plaintiff makes an unsupported argument that the debt collection industry "preys on literally millions of Americans every year that don't owe debts at all or owe less than the amount alleged to be owed by the collector."Doc. 40 at 2. Returning again to "actions speak louder than words…"the FDCPA contains a provision prohibiting collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This section is not alleged in this case.

3.     Plaintiff also argues about the content of the verification but he skirts around the fact that it contains an address to which he has remained silent about. He never states whether the address relates to him in anyway. One can infer there is a possibility the address is his raising the possibility it is his debt with the address, debt amount, the creditor being the city of Dallas, and the services provided as water. It is irrational and unjust to find a violation of the FDCPA using Plaintiff's subjective opinions when Progressive did in fact provide the verification given by the creditor and never resumed collections when it was in Plaintiff's opinion insufficient. Further, The legislative intent behind 15 U.S.C. §1692g(b) urges this to not be a violation. S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.S.C.A.N. 1695, 1699. ("[t]his provision will eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.").

4.     It should be immaterial what Plaintiff's opinions and beliefs were regarding the verification as Progressive ceased collection when it received the request for verification. As stated in the Objection, many cases have held that if a debt collector ceases collection when a request for verification is received, there is no violation of the FDCPA. *Jang v. AM Miller and Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997) (citing *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992); *Sambor v. Omina Credit Servs., Inc*.183 F. Supp.2d 1234, 1236-37

(D. Haw. 2002).Why should a debt collector who ceases collection upon request of verification then provides the verification provided by the actual creditor be punished when the verification is not subjectively adequate to the debtor while it does not attempt to collect the debt again and then return the account to the creditor?[1] Progressive's actions were the same the defendants in *Jang*, *Smith,* and *Sambor* and did not constitute a violation of the FDCPA except attempted to provide verification of the debt. To hold a Progressive liable under the FDCPA when it merely **attempted** to verify the debt to the debtor's satisfaction and never resuming collection activity is contradictory to case law and the legislative intent of 15 U.S.C. § 1692g(b). This Court must sustain Progressive's objection to the Magistrate's Report and Recommendation.

## II.

WHEREFORE, PREMISES CONSIDERED, Defendant Progressive Financial Services, Inc. respectfully requests this Court to sustain its objection to the Report and Recommendation on its Motion for Summary Judgment, grant its Motion for Summary Judgment in its entirety, and award any other relief, whether at law or in equity, justly entitled.

[FULL SIGNATURE ON FOLLOWING PAGE]

---

[1] Further, letters sent to a consumer were not considered communications under the FDCPA when the nature of the letters was to provide information as opposed to demanding payment of a debt,**inclusion of the notice the letter is an attempt to collect a debt, any information will be used for that purpose debt does not alter the nature of the communication or the information provided in the letter and is not a violation**.*Gillespie v. Chase Home Fin., LLC*, Case No. 3:09-CV-191-TS, 2009 WL 4061428 (N.D. Ind. Nov. 20, 2009).

**DEFENDANT PROGRESSIVE FINANCIAL SERVICES, INC.'S REPLY TO ITS OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** – Page 3
M:\219.0000 Progressive Financial Services, Inc\219.0003 David Mack v. Progressive Financial Services, Inc\Pleadings\219.0003.Reply on Objection to Report and Recommendation.docx

        Respectfully submitted,

        **ROBBIE MALONE, PLLC**

        /s/ Robbie Malone
        ROBBIE MALONE
        State Bar No. 12876450
        Email: rmalone@rmalonelaw.com
        EUGENE XERXES MARTIN, IV
        State Bar No. 24078928
        Email: xmartin@rmalonelaw.com
        ROBBIE MALONE, P.L.L.C.
        Northpark Central, Suite 1850
        8750 North Central Expressway
        Dallas, Texas   75231
        TEL: (214) 346-2630
        FAX: (214) 346-2631

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing document has been forwarded **via CM/RRR** on this 5th day of December, 2014 to:

David Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
(972) 735-9642

        /s/Robbie Malone
        Robbie Malone